UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

March 21, 2017

MEMORANDUM TO COUNSEL RE:		Rahim, Inc. v. Mindboard, Inc. et al.
						Civil Action No. GLR-16-1155

Dear Counsel:

Pending before the Court is Defendants', Mindboard, Inc. ("Mindboard"), Abhijit Verekar, Tarak Shah, and Jody Moscaritolo, Motion to Dismiss for Failure to Prosecute (ECF No. 30). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will deny the Motion.

Plaintiff Rahim, Inc. ("Rahim") is an Ohio corporation with its principal place of business in Cleveland, Ohio. (Compl. ¶ 1, ECF No. 1-1). Rahim, a management consulting company, is now defunct. (See id. ¶¶ 5, 45). Verekar, Shah, and Moscaritolo are former Rahim employees but now work for Mindboard. (Id. ¶¶ 9, 11, 15, 27). Mindboard is also a management consulting company; it is a Virginia corporation with its principal place of business in Sterling, Virginia. (Id. ¶¶ 2, 5). Rahim alleges that Defendants stole Rahim's trade secrets and confidential information, and Defendants conspired to transfer Rahim's contracts to Mindboard. (Id. ¶¶ 27, 37, 38).

Rahim filed the present action on May 12, 2015 in the Court of Common Pleas for Cuyahoga County, Ohio. (Compl.). In its ten-count Complaint, it alleges: Misappropriation of Trade Secrets (Count I); Punitive Damages for Misappropriation of Trade Secrets (Count II); Injunctive Relief (Count III); Breach of Fiduciary Duty (Count IV); Tortious Interference with Contracts (Count V); Tortious Interference with Business Relationships (Count VI); Unjust Enrichment (Count VII); Civil Conspiracy (Count VIII); Breach of Employment Agreement (Count IX); and Wrongful Disclosure of Confidential Information (Count X). (Id.). On February 3, 2016, Defendants removed the case to the United States District Court for the Northern District of Ohio. (ECF No. 1). On April 18, 2016, Judge Donald C. Nugent granted Defendants' Motion to Transfer Venue (ECF No. 5) on the basis of forum non conveniens under 28 U.S.C. § 1404(a). (ECF No. 19). On April 19, 2016, the Northern District of Ohio transferred the action to this Court. (ECF No. 20).

On April 20, 2016, after the Court received the action, the Clerk notified all counsel that they are not in good standing of the bar of the Court and that they must notify the Court within fourteen days whether they will be seeking admission to the bar or if another attorney will be entering an appearance in their place. (ECF No. 21). On May 4, 2016, the Court granted counsel for Defendants' Motions to Appear Pro Hac Vice. (ECF Nos. 24, 25). Rahim failed to

respond to the Clerk's letter. On May 6, 2016, the Court issued an Order noting that Rahim's counsel has yet to enter an appearance and that the Court will not issue a scheduling order. (ECF No. 28). The Court directed Rahim to file a status report within ten days addressing when its counsel intends to enter an appearance. (Id.). Rahim failed to do so within ten days. Defendants moved to dismiss the Complaint for failure to prosecute the action on August 18, 2016. (ECF No. 30). Rahim's counsel then entered his appearance on January 24, 2017. (ECF No. 32). Rahim filed an Opposition to the Motion on January 27, 2017. (ECF No. 35). On February 10, 2017, Defendants filed a Reply. (ECF No. 36).

Federal Rule of Civil Procedure 41(b) provides, in pertinent part: "If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b) further provides that unless stated otherwise, the dismissal "operates as an adjudication on the merits," that is, with prejudice. Fed.R.Civ.P. 41(b). A dismissal with prejudice under Rule 41(b) is "a harsh sanction which should not be invoked lightly," particularly because in the Fourth Circuit, there is "the sound public policy of deciding cases on their merits." E.g., Shlikas v. SLM Corp., No. WDQ-09-2806, 2011 WL 2118843, at *3 (D.Md. May 25, 2011) (quoting Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978)) (internal quotation marks omitted), aff'd, 546 F.App'x 290 (4th Cir. 2013). When deciding whether Rule 41(b) is warranted, courts consider four factors: (1) the degree of plaintiff's personal responsibility; (2) prejudice to the defendant; (3) whether plaintiff has a "drawn out history of deliberately proceeding in a dilatory fashion;" and (4) whether sanctions less drastic than dismissal are available. Id. (quoting Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir. 1989)) (internal quotation marks omitted).

Here, Defendants first argue that because Rahim declined Defendants' attempts to schedule depositions, Defendants suffered prejudice under the second factor of Rule 41(a) and Rahim has been acting in a dilatory fashion under the third Rule 41(a) factor. The Court disagrees. Defendants rely on various cases where the plaintiff was not responsive to defendant's discovery requests. All of those cases share one important element in common—discovery already commenced. Here, however, Local Rule 104.4 provides that "discovery shall not commence . . . until a scheduling order is entered" (emphasis added). And the Court has not entered a scheduling order in this case. Defendants are arguably violating Local Rule 104.4 by attempting to pursue discovery nonetheless. At minimum, Rahim is under no obligation to comply with Defendants' discovery requests until the Court issues a scheduling order. Thus, the Court concludes Rahim was not acting in a dilatory fashion for declining Defendants' attempts to schedule depositions.

Defendants next argue that Rahim's counsel's delay in entering his appearance, in violation of the Clerk's April 20 letter and the Court's May 6 Order requiring Rahim's counsel to enter his appearance, warrants dismissal under Rule 41(a).[1] Rahim argues that Rule 41(a)

---

[1] When Defendants first filed their Motion on August 18, 2016, Rahim's counsel had still failed to enter his appearance. (See ECF No. 30). Rahim's counsel then entered his appearance on January 24, 2017. (ECF No. 32). Thus, when Defendants filed their Reply on February 10, 2017, Defendants revised their argument to highlight the delay—rather than complete failure—of Rahim's counsel to enter his appearance.

dismissal is not appropriate because the delay in Rahim's counsel entering his appearance was the result of Rahim's financial inability to secure counsel. The Court agrees with Rahim.

Failure to secure counsel because of financial inability is not sufficiently prejudicial to Defendants under the second Rule 41(b) factor, nor is it dilatory conduct by Rahim under the third Rule 41(b) factor. See Ulyssix Techs., Inc. v. Orbital Network Eng'g, Inc., No. ELH-10-2091, 2011 WL 5555853, at *1, 3 (D.Md. Nov. 15, 2011) (holding that under Rule 41(b), party's financial inability to secure replacement counsel was not "accompanied by a degree of culpability or prejudice to other parties" supporting dismissal with prejudice). In fact, a district court abuses its discretion when it denies an unrepresented corporate party's request for a reasonable continuance to secure counsel. RZS Holdings AVV v. PDVSA Petroleo S.A., 506 F.3d 350, 356–57 (4th Cir. 2007); see also Local Rule 101.1(a) (requiring non-individuals to be represented by counsel).[2] So at most, Rahim failed to apprise the Court of its financial troubles by not requesting a continuance to secure counsel. This lone failure does not warrant dismissal under Rule 41(b), particularly in light of the Fourth Circuit's "sound public policy of deciding cases on their merits." Shlikas, 2011 WL 2118843, at *3 (quoting Davis, 588 F.2d at 70) (internal quotation marks omitted). Accordingly, the Court will deny the Motion.

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to Prosecute (ECF No. 30) is DENIED. Defendant Abhijit Verekar shall file an Answer within fourteen days of the date of this memorandum. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

        Very truly yours,

        /s/
        George L. Russell, III
        United States District Judge

---

[2] For this reason, the non-Fourth Circuit cases Defendants rely upon, for the proposition that financial inability does not excuse failing to prosecute the case, are inapposite.